UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO PAULO RODRIGUES
LORADOR, et al.,

       Plaintiffs,

v.                                   CASE NO. 8:14-cv-433-T-23AEP

ADAM VASQUEZ, et al.,

       Defendants.

_____/

## **ORDER**

The plaintiffs allege (Doc. 1) copyright infringement.  The defendants answer (Docs. 21 and 22) and counterclaim (Doc. 40).  The plaintiffs move (Doc. 41) to dismiss the counterclaim.

*1. "Unnecessary and Redundant" Counts*

The plaintiffs move to dismiss Counts I, II, and III of the defendants' counterclaim because the counts are "unnecessary and redundant in light of the matters asserted in the Complaint."  (Doc. 41 at 3)  The defendants respond that these counts serve a "useful purpose" because each seeks "different relief" from the relief sought in the affirmative defenses and the complaint.  (Doc. 46 at 2)

The exercise of jurisdiction over a claim for declaratory relief is broadly discretionary.  *Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) (Conway, J.).  This discretion permits declination of claims in

which "a direct action involving the same parties and the same issues has already been filed." *Knights*, 568 F. Supp. 2d at 1374–75.  The defendants fail to demonstrate how the issues raised by their declaratory claims differ from the issues raised by the plaintiffs' claim and the defendants' affirmative defenses.

*2. Count II*

Count II requests a declaration that the plaintiffs misused their copyright.  The plaintiffs move to dismiss Count II and argue that copyright misuse is not an independent claim for relief.  *Telecom Technical Servs. Inc. v. Rolm Co.*, 388 F.3d 820, 830 (11th Cir. 2004) confirms that the Eleventh Circuit "has not recognized, but has not rejected, misuse as a defense to infringement suits." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (Jones, Mag. J.) observes that "while district courts in this Circuit have discussed the applicability of copyright misuse, none of these courts have expressly applied it as a valid defense." Unrecognized by the Eleventh Circuit as a defense, copyright misuse offers no basis for a claim for relief.  *Cf. Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578 at *32 (D. Mass. March 27, 2012) (O'Toole, J.) (finding that copyright misuse is not an independent claim for relief, "especially in light of the fact that the First Circuit has not yet recognized the doctrine even as a defense to copyright infringement claims").

*3. Count IV*

Count IV is entitled "Intentional Interference with Prospective Business Advantage," but the defendants' allegations identify only present, not prospective, business relations. Nonetheless, the defendants allege sufficient facts to state a claim for tortious interference, a tort that encompasses inference with either present or prospective business relations (or both).

*4. Count V*

The plaintiffs argue that the defendants failed to state a claim for unfair competition. Under Florida law, a claim for unfair competition requires an allegation of facts showing (1) the deceptive or fraudulent conduct of a competitor and (2) the likelihood of consumer confusion. *M.G.B. Homes v. Ameron Homes*, 903 F.2d 1486, 1493 (11th Cir. 1990). The defendants fail to allege facts showing that the plaintiffs' conduct will cause consumer confusion.

*5. Count VI*

The plaintiffs move to dismiss Count VI, a claim for defamation, because the defendants "fail to allege what the false statements were." (Doc. 41 at 5) A claim for defamation requires the allegation of facts showing an injury caused by the publication to a third party of a false statement about the claimant. *See Bass v. Rivera*, 826 So. 2d 534, 535 (Fla. 2d DCA 2002) (Parker, J.). A review of the counterclaim confirms that the defendants fail to allege facts sufficient to establish each element of defamation. As the plaintiffs state, the defendants fail to allege the

content of the false statement, the reason the statement is false, and, to the extent applicable, the time, place, and manner of the publication.

## CONCLUSION

The plaintiffs' motion (Doc. 41) to dismiss the defendants' counterclaim is **GRANTED IN PART**.  Counts I, II, III, V, and VI are **DISMISSED**.  No later than **FEBRUARY 6, 2015**, the defendants may amend the counterclaim to repair the deficiencies identified in this order.

ORDERED in Tampa, Florida, on January 22, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE